IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| DELPHINIA MOSES, ) | |
| ) | C/A No.:3:04-1061-MBS-JRM |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND** |
| SOUTH CAROLINA DEPARTMENT ) | **O R D E R** |
| OF SOCIAL SERVICES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Delphinia Moses filed this action against Defendant South Carolina Department of Social Services on April 5, 2004, alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) et seq. Moses also alleges claims under South Carolina law, including, inter alia, breach of contract. Defendant filed a motion for summary judgment on April 5, 2005. Plaintiff filed a memorandum in opposition to summary judgment on May 31, 2005. Defendant filed a reply to Plaintiff's memorandum on June 10, 2005.

In accordance with 28 U.S.C. § 636(b) and Local Rule 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph McCrorey for a Report and Recommendation. On November 2, 2005, the Magistrate Judge filed a Report and Recommendation in which he recommended that Defendant's motion for summary judgment be granted. Plaintiff filed objections to the Report and Recommendation on November 22, 2005. Defendant filed a response to Plaintiff's objections on December 6, 2005. The facts of this case are detailed sufficiently in the Magistrate Judge's Report and Recommendation and are incorporated herein by reference.

The court is charged with making a de novo determination of any portions of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter

to the Magistrate Judge with instructions. 28 U.S.C. § 636(b). The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

Plaintiff first contends that the Magistrate Judge erred in finding that Plaintiff's claims of disparate treatment as to her suspension and constructive discharge are procedurally barred for failure to exhaust her administrative remedies. Plaintiff's Objection to the Magistrate's Report and Recommendation, p. 2. In particular, Plaintiff contends that Plaintiff specifically stated in her EEOC charge that she was a victim of harassment and race discrimination and that Plaintiff's "suspension and constructive discharge were part of the investigation." Id. at 3. It is well-settled that a plaintiff must make discrete employment actions the subject of a timely filed charge of discrimination or else they are procedurally barred. Malghan v. Evans, 118 Fed. Appx. 731, 734 (4th Cir. 2004). In her EEOC charge, Plaintiff contended that she "was assigned more duties than her white coworkers and they were not subjected to the harassment and discriminatory treatment." Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, Attachment IV. Plaintiff also complained that a white coworker "refused to complete her assigned duties whereas, the responsibility was given to me." Id.

The court has carefully reviewed Plaintiff's EEOC charge and concludes that Plaintiff did not raise her unfair suspension claim in her complaint. Plaintiff does not make specific allegations that she was suspended unfairly. Plaintiff cannot salvage her unlawful suspension claim later by labeling it as part of a broad claim of discrimination filed in her EEOC charge. The Magistrate Judge correctly concluded that Plaintiff's suspension claim is procedurally barred. Plaintiff's objection is without merit.

The court has carefully reviewed Plaintiff's EEOC charge and concludes that Plaintiff did not raise her constructive discharge claim in her complaint. In her complaint, Plaintiff alleges that she was mistreated by her supervisor. Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, Attachment IV. Nevertheless, Plaintiff does not make allegations that intolerable work conditions forced her to quit her job on October 22, 2002. In addition, Plaintiff does not allege that her resignation arose out of a deliberate effort by her supervisor to compel her to quit. As such, the Magistrate Judge correctly concluded that Plaintiff's constructive discharge claim is procedurally barred. Plaintiff's objection is without merit.

Plaintiff also contends that the Magistrate Judge erred in concluding that Plaintiff failed to establish a prima facie case of race discrimination. More specifically, the Magistrate Judge found that Plaintiff failed to establish a Title VII hostile environment claim based on race because the alleged harassment detailed in her complaint was not severe and pervasive. In addition, the Magistrate Judge found that Plaintiff failed to establish a Title VII hostile environment claim because she cannot show that the alleged harassment was based on her race. To prevail on a Title VII hostile environment claim based on race, a plaintiff must show that the "(1) the subject conduct was unwelcome; (2) it was based on the [race] of the plaintiff; (3) it was sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) it was imputable on some factual basis to the employer." Spicer v. Virginia Dep't. Of Corrections, 66 F.3d 705, 710 (4 th Cir. 1995).

The court has thoroughly reviewed the record in this case, including depositions from several individuals employed by Defendant. The Plaintiff has failed to provide sufficient evidence that her workplace harassment was based on race. Plaintiff contends that she worked in a racially hostile work environment solely because her supervisor, who is Caucasian, re-assigned Plaintiff's work

3

duties to a Caucasian co-worker leaving Plaintiff to complete less desirable work. Plaintiff's Deposition, pp. 142-144. In her deposition, Plaintiff admits that she has no other evidence to support her allegations.[1] In addition, Plaintiff's former supervisor, who is African American, stated that she had never known Plaintiff's new supervisor to discriminate against any employee because of that employee's race. Deposition of Betty Robinson, p. 58. Finally, the business manager at Plaintiff's employment, who is African American, also was unable to offer evidence that Plaintiff's new supervisor had ever discriminated against African American employees. Deposition of Johnny Cooke, p. 99. Without additional evidence to support Plaintiff's claim that her alleged workplace harassment was based on race, the court cannot find that Plaintiff has met her burden under Title VII. Plaintiff's objections are without merit.

For the foregoing reasons, the court concurs in the Magistrate Judge's recommendation and incorporates it herein by reference. Defendant's motion for summary judgment is granted. The captioned matter is **dismissed**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

March 22, 2006

Columbia, South Carolina

---

[1] Q: But you are not aware of any other black or white employees complaining about a racially hostile work environment at Sumter County D.S.S., are you?
A: I'm not aware. No one ever talked to me about– I mean no. I am not aware. I'm not saying– I am just saying I'm not aware. Plaintiff's Deposition at 144.

4